UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| POLO REALTY, INC. d/b/a ROYAL PALM POLO SPORTS CLUB, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:10-cv-144 ) |
| KRUSE INC., d/b/a KRUSE INTERNATIONAL and AUBURN AUCTIONS, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

This matter is before the Court on the plaintiff's May 13, 2010, Motion for Immediate Inspection of Assets. (Docket # 25.) Plaintiffs ask the Court for an emergency order directing the defendants to permit them to enter the defendants' property to inspect documents and monitor an automobile auction. For the following reasons, the plaintiff's motion is DENIED.

On May 7, 2010, the plaintiff filed suit, seeking to collect a judgment entered against defendant Kruse, Inc., in Florida. The plaintiff alleged that defendant Kruse, Inc.—a nationally known classic car auction house—has fraudulently created Auburn Auctions, LLC as a successor company and given it the rights to conduct the large and highly-publicized May 13-17 Auburn Spring Motorfair Auction (the "Auction"), so as to avoid paying this judgment.

On May 13, 2010, the plaintiff filed a motion for a preliminary injunction, seeking, among other things, to prevent any transfer of assets from Kruse to Auburn Auctions and to prohibit the defendants from conducting any further auctions anywhere in the United States.

(Docket # 21.) That motion is currently pending.[1]

The plaintiffs contemporaneously filed Motion for Immediate Inspection of Assets is now before this Court. (Docket #25.) That motion asks for the plaintiff to receive the broad discretion to "inspect, copy, test, or sample . . . any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, case images, and other data or data compilations—stored in any medium . . . or any designated tangible things." (Pl.'s Mot. 1-2.) In particular, the plaintiff desires to enter the defendants' facilities during the Auction to "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."[2] (Pl.'s Mot. 2.)

Under Federal Rule of Civil Procedure 34(a)(2), a party may request that another party "permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Such a request under Rule 34(a)(2) is subject to the limits of Rule 26(b)(2)(C), which provides in part that the Court *must* limit the discovery of otherwise discoverable information when "the burden or expense of the proposed discovery outweighs its likely benefit."

In the present case, the burden of the proposed discovery outweighs its likely benefit. *See Dusa Pharmaceuticals, Inc. v. New England Compounding Pharmacy, Inc.*, 232 F.R.D. 153, 154 (D. Mass. 2005). The plaintiff asks for virtually unfettered discretion to monitor the Auction and inspect "any documents or electronically stored information" in the defendants' possession while

---

[1] The plaintiff's previous request for a temporary restraining order was denied by Judge Theresa Springmann on May 13, 2010. (Docket # 15.)

[2] The defendants have barred or directed the barring of the plaintiff and its counsel from the auction site.

the Auction is being conducted. (Pl.'s Br. In Supp. 7.) This request—which is so broadly drafted that it encompasses documents and information not even related to this litigation—would be highly burdensome to the defendants. *Cf. Flick v. Wellpoint, Inc.*, No. 2:08-cv-211, 2009 WL 1564386, at *3 (N.D. Ind. June 2, 2009) (finding a request for inspection not unduly burdensome because it was described with "reasonable particularity" and limited to clearly defined areas). Furthermore, and in addition to being highly disruptive to the defendants' business operations, such an order would also have the potential of adversely affecting the auction, including the sale price of the vehicles, thus harming innocent third parties.

Finally, it would appear that there are alternative and reasonably adequate means for securing the information sought by the plaintiff. In particular, the usual documents generated at an auction will presumably be available for inspection and copying <u>after</u> the sale. Moreover, with the sale of the vehicles occurring between sellers and buyers (apart from the defendants) a duplicative source of documentation will also be available. Accordingly, the plaintiff's Motion for Immediate Inspection of Assets (Docket # 25) is DENIED.

SO ORDERED.

Entered this 14th day of May, 2010.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge