```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         FORT WAYNE DIVISION
```

POLO REALTY INC. d/b/a            )
ROYAL PALM POLO SPORTS CLUB,      )
                                  )
    Plaintiff,                    )
                                  )
    v.                            )    CAUSE NO.: 1:10-CV-144-TLS
                                  )
KRUSE, INC. d/b/a KRUSE INTERNATIONAL, )
and AUBURN AUCTIONS, LLC,         )
                                  )
    Defendants.                   )

## OPINION AND ORDER

This matter is before the Court on Defendant Kruse's FRCP 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction Under 28 USCS § 1963 [DE 50]. For the reasons stated in this Opinion and Order, the Motion will be granted as to Count 1 of the Complaint and denied as to Counts 2 and 3.

## BACKGROUND

The Plaintiff filed its three-count Complaint [DE 1] on May 7, 2010. Count One sought, pursuant to 28 U.S.C. § 1738, for this Court to enforce a Florida state court judgment it had obtained against Kruse in 2009. Count Two alleged that the Defendants had violated the Indiana Uniform Fraudulent Transfer Act, and sought damages from that violation. Count Three sought to enjoin the Defendants from engaging in a variety of different actions, including transferring funds to Defendant Auburn Auctions, LLC (Auburn) and holding any further automobile auctions, based on the Defendants' fraudulent transfers alleged in Count Two. On that same day, the Plaintiff filed an Ex

1

Parte Motion for Temporary Restraining Order Upon Emergency Hearing [DE 5], which asked the Court to prohibit Kruse from transferring any asset to Auburn, to prohibit Kruse from disbursing to any individual or entity any proceeds from a car auction scheduled on May 13, 2010, to require the Defendants to deliver to the United States Marshals Office all monies currently in their possession, to direct the United States Marshal's Office to pay the Plaintiff enough money to satisfy the Florida state court judgment, and to prevent the Defendants from conducting any other car auction anywhere in the United States until the Florida state court judgment had been satisfied. The Court denied the Plaintiff's Motion for Temporary Restraining Order Upon Emergency Hearing after an *ex parte* hearing was held on May 13, finding that the Plaintiff had not proven that it would suffer irreparable harm if the Defendants were allowed to appear before the Court in this cause.

On May 11, Kruse filed its Motion for Plaintiff to Show Cause Why It Should Not Be Held in Contempt [DE 12], alleging that the Plaintiff and its Counsel disseminated copies of the Complaint to news media before the Defendants had seen or had access to the Complaint. The Plaintiff filed its Response in Opposition [DE 14] on the following day, and that Motion is now ripe for ruling.

After the Court ruled on the Motion for Temporary Restraining Order Upon Emergency Hearing, it ordered that the cause be assigned to a district judge pursuant to General Order 2007-20 and Local Rule 40.4 on May 13. The case was then reassigned to the Honorable Joseph S. Van Bokkelen. Judge Van Bokkelen directed the Clerk to reassign the case to this Court on May 14, and this Court again assumed jurisdiction.

On May 13, the Plaintiff filed its Motion for Preliminary Injunction Upon Emergency Hearing [DE 21], which asked the Court for the same injunctive relief it requested in its Motion For Temporary Restraining Order, and pressed the Court to hold a hearing on the Motion as soon as

practicable. In a motion hearing held before the Court on May 17, and continued on June 3, the Court received evidence and heard testimony and argument from the Plaintiff and the Defendants regarding the Motion for Preliminary Injunction. That Motion is now fully briefed and is ripe for ruling.

On June 1, Kruse filed its Notice of Defenses to Foreign Judgment, Motion for Stay of Enforcement of Foreign Judgment and Counterclaim [DE 41]. On June 11, the Plaintiff filed its Motion to Strike Notice of Defenses, Strike or Deny Motion for Stay and Strike or Dismiss Counterclaim [DE 44]. This Motion to Strike is now fully briefed and ripe for ruling.

Finally, on June 22, Kruse filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction Under 28 USCS § 1963 [DE 50], claiming that the Plaintiff had not established that this Court has subject-matter jurisdiction over its cause of action. That motion, too, is now fully briefed and ripe for ruling.

## DISCUSSION

In this Opinion and Order the Court will first address the threshold issue in this case of whether a federal court has subject matter jurisdiction over an action that seeks to enforce a state court judgment, when the action is predicated upon diversity jurisdiction as opposed to a registration proceeding under 28 U.S.C. § 1963. The parties have cited no authority in the Seventh Circuit addressing this question, and likewise the Court has found none. Consequently, the rulings of other district courts in similar cases are instructive and lead the Court to the conclusion that this Court does not have jurisdiction over Count One of this action. Second, the Court will deny as moot the Plaintiff's Motion to Strike Notice of Defenses, Strike or Deny Motion for Stay and Strike or Dismiss Counterclaim because the motion and its briefing all relate to Count One.

3

### A. Jurisdiction Over Count One

As an initial matter, the Court notes that the Plaintiff's Response makes several references to the timeliness of Kruse's Motion to Dismiss. However, Rule 12(h)(3) requires that "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Additionally, "[s]ubject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself." *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008). Federal courts "are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008) (citations omitted). A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter, and "[s]ubject-matter jurisdiction is the first question in every case." *Ill. v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998).

The Plaintiff claims that this Court has jurisdiction to enforce a judgment entered by a Florida state court. The Plaintiff filed this action with a Complaint that asks the Court to recognize the judgment in light of the Full Faith and Credit Clause of the United States Constitution,[1] through its statutory codification at 28 U.S.C. § 1738.[2] The Plaintiff's reliance on Section 1738 to enforce its

---

[1] Article IV, § 1 of the United States Constitution provides that "Full Faith and Credit shall be given in each state to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

[2] Section 1738 provides, in pertinent part, that "[s]uch Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

4

judgment is unsound, because 28 U.S.C. § 1963 permits a party to register certain judgments in federal districts for enforcement. Section 1963 states, in pertinent part:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963. The courts identified in this statute are all federal courts, and the maxim of statutory construction, *expressio unius est exclusio alterius*, applies here—by specifically listing federal court judgments, Congress intended to specifically exclude state court judgments. Numerous courts have held that § 1963 does not grant federal courts jurisdiction to register state court judgments. *See, e.g.*, *Fox Painting Co. v. NLRB.*, 16 F.3d 115, 117 (6th Cir. 1994) ("Nothing in the language of [Section 1963] grants authority to a district court to register judgments of any courts other than [those listed]. The language is unambiguous."); *Euro-American Coal Trading, Inc. v. James Taylor Mining*, 431 F. Supp. 2d 705, 708 (E.D. Ky. 2006) (stating that "the registration procedures of 28 U.S.C. § 1963 contain jurisdictional limitations that prohibit *federal* courts from registering *state* court judgments.") (emphasis in original); *Atkinson v. Kestell*, 954 F.Supp 14, 15 n.2 (D.D.C. 1997) ("State court judgments cannot be registered in [a federal] Court.").

Therefore, if the Plaintiff had filed his action under § 1963, this Court would have dismissed the cause for lack of jurisdiction. However, the Plaintiff, rather than relying upon § 1963 to register the state court judgment in this Court, relies upon § 1738, premising this Court's jurisdiction on diversity of citizenship. As the Plaintiff correctly notes, § 1963 merely purports to be an enforcement

procedure that operates "in addition to other procedures provided by law for the enforcement of judgments." 28 U.S.C. § 1963. The question thus becomes whether the Plaintiff may use a § 1738 diversity action as an end-run around the jurisdictional limitation established by § 1963.

It appears that the courts that have addressed this issue have ruled that a federal court does not have jurisdiction to register a state court judgment under § 1738. For instance, the United States District Court for the Western District of Virginia held that although § 1738 requires a federal court to give preclusive effect to any state court judgment before it, this is a "far cry from making a judgment of a state court a federal judgment." *W.S. Frey Co., Inc. v. Precipitation Assoc. of Am., Inc.*, 899 F.Supp. 1527, 1528–29 (W.D. Va. 1995). Likewise, the United States District Court for the Eastern District of Kentucky, in *Euro-American Coal Trading, Inc. v. James Taylor Mining, Inc.*, noted an "important distinction" between "registering and enforcing a foreign state court judgment in a federal court . . . and according a state court judgment 'full faith and credit' in terms of its preclusive effect on issues on claims and/or issues later litigated in a federal court." 431 F. Supp. 2d 705, 709 n.9 (E.D. Ky. 2006) (emphasis omitted). The court concluded that "[t]he former is not permitted by [§ 1963], while the letter is constitutionally required." *Id.* Both courts cited approvingly Justice Scalia's admonition that § 1738 merely works to "establish a rule of evidence, rather than of jurisdiction." *Baker by Thomas v. General Motors Corp.*, 522 U.S. 222 (1998) (Scalia, J., concurring). In other words, if an action for enforcement falls outside the jurisdictional limitation of § 1963, § 1738 cannot work to reinstate subject matter jurisdiction.

The *Euro-American* case is similar to the case now before this Court in all material respects. There, the plaintiff filed a complaint, predicated upon diversity jurisdiction and pursuant to § 1738,

6

seeking to enforce a New York state judgment in a Kentucky federal district court. *Euro-American*, 431 F. Supp. 2d at 705. The court noted that even though the Plaintiff did not rely upon § 1963 in its complaint, and even though the plaintiff properly pleaded diversity jurisdiction, "[§ 1963] controls both the registration of a foreign judgment in federal district court as well as the outcome of this case." *Id.* at 707 n.4.

As in *Euro-American*, this Court lacks jurisdiction to register and enforce the state court judgment, which is not among the judgments listed in § 1963. Thus, the Court quotes with the following policy justification stated by the *W.S. Frey* court:

> Thus, if this court were to register petitioner's judgment, it would be crediting it with more than preclusive effect; it would be transforming it into a judgment of [this court]. By such bootstrapping, the judgment then could be registered in a federal district wherein the judgment debtor has property. Execution could issue out of that other federal court, thus bypassing the process by which state court judgments otherwise are registered in another forum to obtain execution there.

*Id.*, 899 F. Supp. at 1528–29. Count One will be dismissed.

**B.     State Court Claims**

The issue left for the Court to determine is whether the Court has subject matter jurisdiction over the remaining state law claims presented in Counts Two and Three. In their briefing on the Motion to Dismiss, both parties addressed the issue of this Court's jurisdiction over Counts Two and Three under an analysis that questioned whether the Court should retain jurisdiction over the "pendant" or "supplemental" claims. However, these arguments presupposed that the Court had no independent basis of jurisdiction over the Counts. Because the Plaintiff's Complaint predicated jurisdiction on 28 U.S.C. § 1332(a)(1) which provides that "[t]he district courts shall have original

7

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—citizens of different states," the proper inquiry is whether the Plaintiff has properly pled diversity jurisdiction as to the remaining Counts.

In this case, neither party disputes that complete diversity of citizenship exists. Therefore, the potential remaining issue is whether the amount in controversy in the Indiana Uniform Fraudulent Transfer action exceeds $75,000. The Seventh Circuit recently explained the standards courts should employ when the amount in controversy is at issue:

> [A] proponent of federal jurisdiction must, if material factual allegations are contested, prove these jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is legally certain that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*LM Ins. Corp. v. Spaulding Enter. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). In light of this statute, the Court first notes that neither Defendant has ever challenged that the amount in controversy for the Plaintiff's state law claims exceeds $75,000. Nor does this Court find, *sua sponte*, that it is "legally certain" that the amount in controversy is less than that jurisdictional floor. The Court therefore retains jurisdiction over Counts Two and Three.

**C.     Motion to Strike**

Also before the Court is the Plaintiff's Motion to Strike the Defendant's Notice of Defenses to Foreign Judgment, Motion for Stay of Enforcement of Foreign Judgment and Counterclaim, which

was filed on June 1 as Docket Entry 41. The Defendant's filing, which the Plaintiff seeks to have stricken, relates entirely to Count One of the Complaint. Therefore this Motion will be denied as moot.[3]

**CONCLUSION**

In sum, the Court cannot enforce a state court judgment. To do so would contradict the plain jurisdictional limits outlined in § 1963, would effect an unwarranted intrusion into the jurisdiction of state courts, and would unnecessarily flood the federal docket with the enforcement of every state court judgment that met the minimum diversity jurisdictional requirements. The Plaintiff may enforce its Florida state court judgment in the sister courts of Indiana using the mechanisms set forth for that purpose by the Indiana legislature.

For the foregoing reasons, Defendant Kruse Inc.'s FRCP 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction Under 28 USCS § 1963 [DE 50] is GRANTED IN PART AND DENIED IN PART. The Court retains jurisdiction over Counts Two and Three of the Complaint [DE 1]. Because the Court has no authority to provide the relief sought in Count One, Count One is DISMISSED WITH PREJUDICE. Consequently, Kruse's Notice of Defenses to Foreign Judgment, Motion for Stay of Enforcement of Foreign Judgment and Counterclaim [DE 41] is DENIED AS MOOT. The Plaintiff's Motion to Strike Notice of Defenses, Strike or Deny Motion for Stay and Strike or Dismiss Counterclaim [DE 44] is DENIED AS MOOT. The Court will address the remaining motions pending in this lawsuit by subsequent order.

---

[3] It is unclear to the Court whether Kruse intended its Notice to act as a motion pending before this Court. To the extent that Kruse sought relief, its Notice will be denied as moot.

SO ORDERED on August 2, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT